**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| LAURI VALJAKKA, | |
| Plaintiff, | Civil Action No. 6:22-CV-00003-ADA |
| v. | |
| APPLE INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## DEFENDANT APPLE INC.'S MOTION TO DISMISS PLAINTIFF LAURI VALJAKKA'S FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(B)(6)

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.     INTRODUCTION ...................................................................................................1

II.    BACKGROUND ....................................................................................................3

III.   LEGAL STANDARDS .........................................................................................3

IV.   ARGUMENT .........................................................................................................4

      A.     Valjakka Fails to Sufficiently Plead Willful Infringement, Induced
             Infringement, and Contributory Infringement of the '167 Patent...........................4

            1.     Valjakka Fails to Plausibly Allege Apple Knew of Infringement or
                  Was Willfully Blind to Infringement, Rendering Its Allegations of
                  Willful and Indirect Infringement of the '167 Patent Insufficient. ..............5

            2.     Valjakka Fails to Set Forth Sufficient Facts to Plead Induced
                  Infringement of the '167 Patent Because the First Amended
                  Complaint Fails to Allege Facts Plausibly Showing Specific Intent. ..........8

            3.     Valjakka Fails to Set Forth Sufficient Facts to Plead Contributory
                  Infringement of the '167 Patent Because the First Amended
                  Complaint Fails to Allege Facts Plausibly Showing that the
                  Accused Products Have No Substantial Noninfringing Use....................10

      B.     Valjakka Fails to Sufficiently Plead Direct Infringement.....................................11

      C.     Valjakka Fails to Plead Compliance With the Marking Statute, and
              Therefore Cannot Seek Pre-Suit Damages as to the '167 Patent...........................18

V.     CONCLUSION....................................................................................................20

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. 13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ............................ 8, 9, 10

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
24 F.3d 178 (Fed. Cir. 1994) .................................................................................. 19, 20

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017) ................................................................................. 2, 18

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
950 F.3d 860 (Fed. Cir. 2020) ....................................................................................... 19

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
377 U.S. 476 (1964) ........................................................................................................ 5

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) ....................................................................... 2, 10, 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................. 1, 3, 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................................... 1, 3

*BillJCo, LLC v. Apple Inc.*,
No. 6:21-CV-00528-ADA, 2022 WL 299733 (W.D. Tex. Feb. 1, 2022) ................. passim

*Bot M8 LLC v. Sony Corporation of America*,
4 F.4th 1342 (Fed. Cir. 2021) ............................................................................. 2, 12, 16

*Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*,
No. 19-CV-05784-JST, 2020 WL 7392909 (N.D. Cal. July 23, 2020) .......................... 15

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015) ........................................................................................................ 5

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ................... 9

*CPC Pat. Techs. Pty Ltd. v. Apple Inc.*,
No. 6:21-CV-00165-ADA, 2022 WL 118955 (W.D. Tex. Jan. 12, 2022) ................. 11, 17

*DSU Med. Corp. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006) .................................................................................. 2, 8

*Express Mobile, Inc. v. DreamHost LLC*,
   No. 1:18-CV-01173-RGA, 2019 WL 2514418 (D. Del. June 18, 2019).................. 18, 20

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)........................................................................................ 1, 4, 5, 7

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*,
   No. 6:20-CV-00318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021)............... 3, 4, 7

*Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*,
   No. 3:18-CV-01074-K, 2018 WL 10425908 (N.D. Tex. Oct. 9, 2018) ......................... 18

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007)........................................................................... 3, 11

*MicroPairing Tech. LLC v. Toyota Motor Mfg. Tex. Inc.*,
   No. 21-CV-00940-XR (W.D. Tex. Nov. 29, 2021) ......................................................... 7

*Midwest Athletics & Sports All. LLC v. Xerox Corp.*,
   No. 17-CV-478, 2018 WL 1400426 (D. Neb. Mar. 20, 2018) ........................................ 13

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
   No. 6:20-CV-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) ........... passim

*Mosaic Brands, Inc. v. The Ridge Wallet LLC*,
   No. 220CV04556ABJCX, 2020 WL 5640233 (C.D. Cal. Sept. 3, 2020) ...................... 18

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019).................... 5

*Pipp Mobile Storage Sys., Inc. v. Innovative Growers Equip., Inc.*,
   No. 21-CV-2104, 2022 WL 157491 (N.D. Ill. Jan. 18, 2022)......................................... 19

*PLC Trenching Co., LLC v. IM Servs. Grp., LLC*,
   No. 1:20-CV-00602-CWD, 2021 WL 3234590 (D. Idaho July 29, 2021) ...................... 20

*Swirlate IP LLC v. Keep Truckin, Inc.*,
   No. 20-CV-1283-CFC, 2021 WL 3187571 (D. Del. July 28, 2021) ........................ 13, 18

*Taylor v. Books A Million, Inc.*,
   296 F.3d 376 (5th Cir. 2002) ............................................................................................ 4

*Traxcell Techs., LLC v. Verizon Wireless Pers. Commc'ns, LP*,
   No. 6:20-CV-01175-ADA, 2022 WL 299732 (W.D. Tex. Jan. 31, 2022) ...................... 9

*Uniloc 2017 LLC v. Zenpayroll, Inc.*,
   No. CV 19-1075-CFC-SRF, 2020 WL 4260616 (D. Del. July 23, 2020), *report*

*and recommendation adopted sub nom. Uniloc 2017 LLC v. Zen Payroll, Inc.*, No. CV 19-1075-CFC/SRF, 2020 WL 5077416 (D. Del. Aug. 27, 2020) ............................ 18

*Unwired Planet, LLC v. Apple Inc.*,
    829 F.3d 1353 (Fed. Cir. 2016).......................................................................... 7

*Vervain, LLC v. Micron Tech., Inc.*,
    No. 6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) .............. 12, 16, 17

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*,
    824 F.3d 1344 (Fed. Cir. 2016)........................................................................ 10

## **STATUTES**

35 U.S.C. § 287................................................................................................ 2, 19, 20

35 U.S.C. § 287(a) ............................................................................................. 1, 2, 6

## **RULES**

Fed. R. Civ. P. 12(b)(6)..................................................................................... 1, 3

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Apple Inc. moves to dismiss Plaintiff Lauri Valjakka's First Amended Complaint for failure to meet the pleading requirements for willful, induced, contributory, and direct patent infringement.  Apple also moves to dismiss Valjakka's claims for pre-suit damages as to the patent for which Valjakka asserts an apparatus claim (U.S. Patent No. 8,495,167) for failure to allege compliance with the marking statute (35 U.S.C. § 287(a)).

## I.    INTRODUCTION

Valjakka's First Amended Complaint asserts a count of direct, indirect, and willful infringement of U.S. Patent No. 8,495,167 (the "'167 Patent"), and a count of direct infringement of U.S. Patent No. 10,726,102 (the "'102 Patent") (collectively, the "patents-in-suit"), but fails in multiple instances to go beyond mere recitation of the elements of the cause of action or the elements of the patents' claims.  This falls short of the pleading standards required for pleading such causes of action.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

***First***, Valjakka's First Amended Complaint fails to plausibly allege that Apple had knowledge of alleged infringement of the '167 Patent.  Such a failure alone is fatal to Valjakka's claims for willful infringement, induced infringement, and contributory infringement, each of which requires that Apple knew of actual infringement or was willfully blind to a likelihood of infringement.  *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-766, 769 (2011) (holding that induced and contributory infringement both require knowledge of or willful blindness to infringement); *BillJCo, LLC v. Apple Inc.*, No. 6:21-CV-00528-ADA, 2022 WL 299733, at *2 (W.D. Tex. Feb. 1, 2022) (explaining that willful infringement requires knowledge of infringement).  Valjakka's claims for induced infringement should also be dismissed for the

additional reason that the First Amended Complaint lacks any factual support for the allegation that Apple acted with the specific intent required for induced infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (holding that plaintiff must show that the accused infringer acted with a specific intent to induce infringement). Similarly, the First Amended Complaint lacks any factual support for the allegation that the accused products have no substantial noninfringing uses, which is required to state a claim for contributory infringement. *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (holding that plaintiff must allege facts sufficient to plausibly show the accused products have no substantial noninfringing uses).

**Second**, Valjakka's First Amended Complaint also fails to meet the plausibility standard for direct infringement because for several elements of the asserted claim of each patent, the bare-bones claim charts attached to the First Amended Complaint merely parrot the language of the asserted claims and state that the Accused Products practice those elements "based on information and belief." *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342, 1355 (Fed. Cir. 2021) ("mere recitation of claim elements and corresponding conclusions, without supporting factual allegations, is insufficient to satisfy the *Iqbal/Twombly* standard").

**Third**, Valjakka's claim for pre-suit damages as to the '167 Patent should also be dismissed because Valjakka has not plausibly alleged compliance with 35 U.S.C. § 287. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (holding that it is patentee's burden to plead compliance with § 287(a) in order to recover for pre-suit damages).

Accordingly, Apple requests that the Court dismiss Valjakka's First Amended Complaint in its entirety, including claims of indirect infringement, willful infringement, and direct infringement, as well as the claim for pre-suit damages for the '167 Patent.

## II.     BACKGROUND

On January 3, 2022, Valjakka filed a Complaint against Apple for patent infringement. Specifically, Valjakka alleged that Apple infringed claim 1 (an apparatus claim) of the '167 Patent and claim 10 (a method claim) of the '102 Patent.  Complaint ¶¶ 18, 30.  The Complaint identified Apple's AirPlay and Apple TV+ as the "Accused Products."  *Id*. ¶ 16.  The Complaint alleged direct, induced, contributory, and willful infringement of both patents-in-suit, and requested damages, including pre-suit damages.  *Id.* at ¶¶ 18-22, 30-33, p. 10.  The Complaint attached "exemplary claim charts" (Exhibits C and D to the Complaint).

Before the March 14, 2022 due date for Apple's response to the original complaint, Valjakka filed a First Amended Complaint.  *See* First Amended Complaint ("FAC"), Dkt. 17 (filed March 12, 2022).  The First Amended Complaint maintains Valjakka's allegations of direct, indirect, and willful infringement of the '167 Patent, but Valjakka has dropped his allegations of indirect and willful infringement of the '102 Patent and now alleges only direct infringement of the '102 Patent.  The First Amended Complaint attaches "exemplary claim charts" (Exhibits C and D to the FAC), although as this motion shows, those charts contain only conclusory allegations with no plausible factual basis for numerous elements of each asserted claim.

## III.    LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is "a purely procedural question not pertaining to patent law," and so the law of the Fifth Circuit controls.  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007).  Rule 12(b)(6) requires that a complaint contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc*., No. 6:20-CV-00318-ADA, 2021 WL 4555802, at *1 (W.D. Tex. Oct. 4, 2021).  To meet that standard, the

plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see also Kirsch*, 2021 WL 4555802, at *1. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Kirsch*, 2021 WL 4555802, at *1. Conclusory allegations or legal conclusions "masquerading as factual conclusions" will not suffice to prevent dismissal. *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd*., No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *2 (W.D. Tex. Sept. 1, 2021) (quoting *Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation marks omitted)).

IV.     **ARGUMENT**

A.     **Valjakka Fails to Sufficiently Plead Willful Infringement, Induced Infringement, and Contributory Infringement of the '167 Patent.**

Valjakka's First Amended Complaint fails to meet the pleading requirements for willful infringement, induced infringement, and contributory infringement of the '167 Patent for several reasons. *First*, the First Amended Complaint fails to plausibly allege any facts that Apple knew of infringement of the '167 Patent, or was willfully blind to such alleged infringement. That alone is fatal to its allegations of willful, induced, and contributory infringement. *Second*, as to induced infringement, the First Amended Complaint fails to plausibly recite any facts showing that Apple acted with specific intent that its customers infringe the '167 Patent. *Third*, as to contributory infringement, the First Amended Complaint fails to plausibly recite any facts showing that the accused products have no substantial noninfringing uses.[1]

---

[1]  Additionally, the First Amended Complaint fails to allege with any specificity how a third party engages in any act of direct infringement of the '167 Patent claims, which is an additional basis for dismissing the allegations of indirect infringement of the '167 Patent. *See, e.g., BillJCo*, 2022 WL 299733, at *2 ("[T]here can be no inducement or contributory infringement without an

1.     **Valjakka Fails to Plausibly Allege Apple Knew of Infringement or Was Willfully Blind to Infringement, Rendering Its Allegations of Willful and Indirect Infringement of the '167 Patent Insufficient.**

Valjakka's First Amended Complaint fails to plausibly allege the knowledge required to plead willful infringement or indirect infringement of the '167 Patent.  Although the First Amended Complaint offers conclusory statements that Apple knew of infringement, it offers no factual basis to support such allegations, rendering them less than "plausible."

Both willful and indirect infringement require the plaintiff to plausibly allege that the defendant had knowledge of infringement.  "To state a claim for relief for willful patent infringement, the plaintiff must allege facts plausibly showing that the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *BillJCo*, 2022 WL 299733, at *2 (quoting *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019)) (internal quotation marks omitted).  Similarly, for an allegation of induced infringement to survive a motion to dismiss, the plaintiff must plead facts plausibly showing that the "the defendant knew of the patent *and* that the induced acts constitute patent infringement."  *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (internal quotation marks omitted).  "Like induced infringement, contributory infringement requires knowledge of the patent in suit *and* knowledge of patent infringement."  *Id.* (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)).  The plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of infringement or was willfully blind to a likelihood of infringement.  *Glob.-Tech*, 563 U.S. at 766–770.

---

underlying act of direct infringement.") (citing *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1:14-cv-00134-LY, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015)).

The First Amended Complaint musters only the following on the issue of knowledge of infringement: Apple "has known that its activities concerning the Accused Products infringed one or more claims of the '167 Patent since at least September 2014 when Lauri Valjakka, CEO of SC Intelligent Holding Oy, sent a notice letter via US Postal Service Certified Mail to Bruce Sewell, Senior Vice President and General Counsel of Apple informing him of the '167 Patent." FAC ¶ 22. The letter, which Valjakka attaches to the First Amended Complaint as Exhibit E, states that the '167 Patent "could potentially be a great strategic addition to Apple's patent portfolio." *Id*., Ex. E. But the letter does not allege that Apple infringes the '167 Patent. *Id*. Thus, Valjakka's allegations regarding the letter are insufficient to plausibly establish that Apple knew its conduct amounted to infringement of the '167 Patent. *See, e.g.*, *BillJCo*, 2022 WL 299733, at *4 (finding that plaintiff's notice letter was insufficient to plead knowledge of infringement where there was no proof that the letter "notified Apple that it infringed the Asserted Patents or identified Apple products accused of infringement," and stating "[m]ere knowledge of the Asserted Patents is not enough"); *Monolithic Power*, 2021 WL 3931910 at *5 (finding even where defendant had knowledge of asserted patents, "without more factual allegations supporting knowledge of infringement, the pleading standard is not met").

Regarding willful blindness, Valjakka's First Amended Complaint alleges that Apple "knows or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the [patents-in-suit] but took deliberate actions to avoid learning of these facts." FAC ¶ 20. A plaintiff who relies on willful blindness to plead knowledge must allege "specific facts showing that [defendant] either subjectively believed there is a high probability of infringement with respect to the [asserted patents] or has taken deliberate actions to avoid learning of the infringement [of the same]."

*MicroPairing Tech. LLC v. Toyota Motor Mfg. Tex. Inc.*, No. 21-CV-00940-XR, Order at *17, n.8 (Dkt. 60) (W.D. Tex. Nov. 29, 2021) (Ex. 1)[2]; *see also Unwired Planet, LLC v. Apple Inc*., 829 F.3d 1353, 1364 (Fed. Cir. 2016).  Here, Valjakka's First Amended Complaint does not identify ***any*** specific facts to support its allegations of willful blindness.  Nor does it identify any deliberate actions taken by Apple to avoid gaining actual knowledge of infringement.  This conclusory allegation is insufficient to plead willful blindness as an alternative to actual knowledge.  *See, e.g.*, *Glob.-Tech*, 563 U.S. at 769 (willful blindness requires that the defendant (1) "subjectively believe that there is a high probability that a fact exists" and (2) "take deliberate actions to avoid learning of that fact"); *Kirsch*, 2021 WL 4555802 at *2 (finding allegations that defendant had ignored patent markings on plaintiff's practicing products and its literature insufficient to plead willful blindness).  Valjakka's further allegation that "Defendant was willfully blind by taking deliberate action to avoid learning of the notice letter" has no factual basis and is irrelevant given that Valjakka's letter makes no charge of infringement and does not specify which Apple products allegedly infringe.  *See* FAC ¶ 23.

Valjakka has failed to allege facts plausibly establishing (1) that Apple knew that its actions constituted infringement; or (2) that Apple was willfully blind.  Therefore, Valjakka's claims for willful, induced, and contributory infringement of the '167 Patent should be dismissed.  *See, e.g.*, *Monolithic Power*, 2021 WL 3931910 at *5 (dismissing claims for willful and induced infringement where plaintiff failed to sufficiently plead knowledge of infringement); *BillJCo*, 2022 WL 299733 at *9 (dismissing claims for willful, induced, and contributory infringement where plaintiff failed to sufficiently plead knowledge of infringement).

---

[2] All Exhibits are attached to the Declaration of Amy Wann unless otherwise specified.

     2.     **Valjakka Fails to Set Forth Sufficient Facts to Plead Induced Infringement of the '167 Patent Because the First Amended Complaint Fails to Allege Facts Plausibly Showing Specific Intent.**

Valjakka's First Amended Complaint does not plead facts plausibly showing that Apple "specifically intended" another party to infringe the '167 Patent, which is an additional ground on which the count of indirect infringement should be dismissed.  For example, Valjakka alleges that Apple has "knowingly and intentionally actively aided, abetted, and induced others to directly infringe at least one claim of the '167 Patent (such as its customers in this District and throughout the United States)" and that Apple "has and will continue to encourage those acts with the specific intent to infringe one or more of the claims of the [patents-in-suit]."  FAC ¶¶ 19-20.  The First Amended Complaint alleges that Apple "provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use [the] Accused Products (which are acts of direct infringement of the [patents-in-suit])."  *Id.*. ¶ 20.  Valjakka makes no allegation as to what specific instructions Apple gives to customers to cause the customers to practice the claim elements.

To sufficiently plead induced infringement, the plaintiff must show that the accused infringer acted with a specific intent to induce infringement, which requires "evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities."  *DSU Med.*, 471 F.3d at 1306.  The "specific intent" element is "demanding" and requires more than unsubstantiated or generalized allegations that the accused infringer induced infringement.  *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. 13-CV-365, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014).

Valjakka's unsubstantiated allegations that Apple encourages its customers to infringe by providing information and technical support do not adequately support the specific intent

requirement for a finding of induced infringement.  *See, e.g., id.* at *7–8.  In *Affinity Labs*, plaintiff alleged that defendant "encouraged" its customers to infringe the asserted patents "by marketing and selling its automobiles with sound systems that are able to pair with portable electronic device."  *Id*. at *7.  Although the complaint contained "generalized allegations" that defendant "induced its customers to purchase" its products and "induced others to infringe the [asserted patents] through its marketing and sales tactics," the court found plaintiff had failed to allege either how defendant induced its customers to use the accused products in a manner that would infringe the asserted patents, or how defendant's marketing and selling activities actually induced third parties to infringe the asserted patents.  *Id*.  The court found that plaintiff's "threadbare allegations" did not meet the minimum pleading requirements and dismissed plaintiff's induced infringement claims.  *Id.* at *8; *see also Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015) ("generic allegations that [defendant] provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim"); *Monolithic Power*, 2021 WL 3931910, at *5 ("there must be **facts** alleging a specific intent to induce the direct infringer"); *Traxcell Techs., LLC v. Verizon Wireless Pers. Commc'ns, LP*, No. 6:20-CV-01175-ADA, 2022 WL 299732, at *4 (W.D. Tex. Jan. 31, 2022) (allegations that defendant "[i]nstruct[ed] others to perform an action 'such to cause infringement'" are insufficient to plead the intent required by law").

Here, Valjakka does not specify how any of the "information and technical support" provided by Apple actually induced third parties to infringe the '167 Patent.  Nor does Valjakka point to any specific "product manuals, brochures, videos, demonstrations, and website materials" it alleges are being used by Apple to induce infringement.   Valjakka's generalized,

unsubstantiated, and conclusory allegations regarding Apple's alleged intent to induce infringement are insufficient to plausibly show that Apple possessed the specific intent to encourage its customers to infringe. *Affinity Labs*, 2014 WL 2892285 at \*8. Thus, Valjakka's claim for induced infringement of the '167 Patent should be dismissed.

> ### 3. Valjakka Fails to Set Forth Sufficient Facts to Plead Contributory Infringement of the '167 Patent Because the First Amended Complaint Fails to Allege Facts Plausibly Showing that the Accused Products Have No Substantial Noninfringing Use.

Valjakka's First Amended Complaint does not plead facts plausibly showing that the accused products have no substantial noninfringing uses, which is required in order to plead contributory infringement. Valjakka's First Amended Complaint merely alleges that Apple "supplies a material part of an infringing method and/or system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use." FAC ¶ 19. But nothing in this conclusory statements makes the allegation plausible.

The plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of infringement or was willfully blind to a likelihood of infringement. *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016). Further, the plaintiff must allege facts sufficient to plausibly show the accused products have no substantial noninfringing use. *Artrip*, 735 F. App'x at 713.

Courts routinely dismiss claims for contributory infringement where the plaintiff merely recites the elements of a contributory infringement claim without including factual allegations that would create a plausible inference of no substantial noninfringing use. In *Monolithic Power,* the court dismissed the plaintiff's claims for contributory infringement where the complaint contained "mere recitations of the elements" and no factual allegations to support the "no substantial noninfringing use" element. *Monolithic Power*, 2021 WL 3931910, at \*5. In *BillJCo*, plaintiff's

complaint alleged that the "Accused Infringing Instrumentalities have no substantial non-infringing uses," but the court found the complaint "offer[ed] nothing to support this conclusion." *BillJCo*, 2022 WL 299733, at *9.  The court dismissed plaintiff's contributory infringement claims, holding that plaintiff's bare allegation of no substantial noninfringing uses was conclusory and should be disregarded.  *Id*. (citing *McZeal*, 501 F.3d at 1356); *see also Artrip*, 735 F. App'x at 713 (affirming district court's dismissal of contributory infringement claim where plaintiff had not plausibly asserted facts to suggest accused products had no substantial noninfringing use).  Like the plaintiffs in *Monolithic Power, BillJCo*, and *Artrip*, Valjakka simply recites the elements of a contributory infringement claim without adding any factual allegations that would create a plausible inference of no substantial noninfringing use.  Accordingly, Valjakka's contributory infringement claim for the '167 Patent should be dismissed.

## B.   Valjakka Fails to Sufficiently Plead Direct Infringement.

The First Amended Complaint fails to sufficiently plead direct infringement of the '167 and '102 Patents.  For several elements of the asserted claims, the allegations merely track the claim language and state that the Accused Products practice those claim elements "based on information and belief."  Valjakka identifies no facts to support those bare-bones allegations and leaves numerous parts of claim elements entirely unmentioned.

"To allege direct infringement, the complaint must allege facts sufficient to create a plausible inference that ***each element*** of the claim is infringed by the accused products."  *CPC Pat. Techs. Pty Ltd. v. Apple Inc*., No. 6:21-CV-00165-ADA, 2022 WL 118955, at *1 (W.D. Tex. Jan. 12, 2022) (emphasis in original).[3]  "[T]he complaint must support its entitlement to relief with factual content, not just conclusory allegations that the accused product(s) meet every claim

---

[3] All emphases are added unless otherwise noted.

limitation." *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469, at
*2 (W.D. Tex. Jan. 3, 2022) (citing *Bot M8*, 4 F.4th at 1353).

Valjakka's conclusory allegations do not meet the plausibility standard for direct
infringement.  For example, in his claim chart for the '167 Patent, Valjakka alleges, based only on
information and belief, that the Accused Products "include a database that stores information on
the performance of Apple devices":

| [1c] | a network information database containing terminal performance information, wherein | Based on information and belief, Apple's application server includes a database that stores information on the performance of Apple devices. |
| --- | --- | --- |

FAC, Ex. C at 2.  That is nothing more than a bald restatement of the claim element.

As a second example, Valjakka alleges for element 1[f] that "[b]ased on information and
belief, the [Accused Products] can include details of data to be retrieved as well as the addresses
of the relay devices and the CDN server":

| [1f] | wherein each such transport request includes details of data to be retrieved, the address of the first server from which the data is to be requested by the first target terminal, the addresses of at least one second target terminal to which the data from the first server to be relayed by the first target terminal and an indication of a relative performance of a further target terminal based on the terminal performance information stored in the network information database; and | Apple's mobile device management (MDM) payload also includes enabling queries of device and network information such as phone/SIM numbers and MAC addresses.  The MDM payload also includes "ServerURL," which is the URL that the device contacts to retrieve device management instructions.<br><br>Based on information and belief, the MDM playload can include details of data to be retrieved as well as the addresses of the relay devices and the CDN server.<br><br>See: https://developer.apple.com/documentation/devicemanagement/mdm |
| --- | --- | --- |

*Id.* at 4.  This conclusory statement merely restates a portion of the claim language and alleges that
the Accused Products practice the claim limitation.  Valjakka does not plausibly identify the
"details of data to be retrieved," the "addresses" of the "first server" and the "second target
terminal," or "an indication of a relative performance of a further target terminal based on the
terminal performance information stored in the network information database."  Valjakka cites a

webpage URL but fails to identify any information therein that makes its infringement allegations plausible.  That is insufficient to meet the plausibility standard.  *See Swirlate IP LLC v. Keep Truckin, Inc.*, No. 20-CV-1283-CFC, 2021 WL 3187571, at *2 (D. Del. July 28, 2021) (dismissing complaint where plaintiff "fail[ed] to cite or identify with specificity the information on each website that explains and connects the steps that are performed using the accused product to the elements of each claim"); *Midwest Athletics & Sports All. LLC v. Xerox Corp.*, No. 17-CV-478, 2018 WL 1400426, at *4 (D. Neb. Mar. 20, 2018) (dismissing complaint despite plaintiff's argument that it had provided in its complaint "hyperlinks to websites where additional information regarding the product may be found").

As another example, Valjakka alleges, with no factual support, that based on information and belief the Accused Products can "modify MDM payloads to include the address of further target [] devices for which a recipient… serves as a relay":

| [1g] | wherein terminals adapted to act as relay servers are adapted to modify transport requests received from the main server or from other relay servers and to transmit the modified transport request to selected target terminals from a set of target terminals identified in the transport request, wherein the modified transport request further includes addresses of further target terminals for which the recipient of the modified transport request is to act as relay server; and | Apple's AirPlay allows the Apple device that is acting as the relay for the stream of content to modify the information  that is transmitted to other computer terminals and mobile clients.  For example, the device that is acting as the relay for the CDN server may automatically connect to an AirPlay device that is frequently used.  See https://support.apple.com/en-us/HT204289<br><br>Based on information and belief, the Apple device that is acting as the relay can modify MDM payloads to include the address of further target AirPlay compatible devices for which a recipient of the MDM payload serves as a relay.<br><br>See: https://developer.apple.com/documentation/nearbyinteraction/discovering_peers_with_multipeer_connectivity |

FAC, Ex. C at 4.  Again, Valjakka's allegations merely parrot the key claim elements and cite a webpage URL with no allegation of any fact that makes infringement plausible.  Valjakka does not identify any "terminals" that are "adapted to modify transport requests" and can "transmit the modified transport request to selected target terminals."   Nor does he identify any "modified

transport request" that "includes addresses of further target terminals for which the recipient… is to act as relay server."  Instead, Valjakka merely restates the claim language.

Furthermore, the '167 Patent claim chart entirely omits infringement allegations regarding certain parts of claim elements.  For example, as shown below for element 1[e], Valjakka makes no attempt—not even a bare allegation—to show whether the Accused Products have a "main server" that is "adapted to monitor response times of terminals in the network."  Neither does Valjakka allege that the Accused Products contain "terminals" that "act as relay servers for a particular data transfer on the basis of their relative response times."  That falls short of even a mere restatement of the claim element.

| [1e] | the main server is adapted to send transport requests direct to at least one first target terminal on the basis of said terminal performance information, and wherein the main server is further adapted to monitor response times of terminals in the network and in which terminals are | Apple's application server is able to send information requests directly to an Apple device serving as a target device via other Apple devices that are linked to each other through AirPlay.<br><br>For example, Apple discloses that "Apple TV also contains a setting that allows you to choose—or manage with a mobile device management (MDM) payload—how users connect: |
|---|---|---|
|  | selected to act as relay servers for a particular data transfers on the basis of their relative response times, and the first target terminal is adapted to act as relay server; and | • *Everyone can use AirPlay:* Users connect only over peer-to-peer to Apple TV.<br>• *Anyone on the same network can use AirPlay:* Users on the same Wi-Fi network can AirPlay to Apple TV.<br>• *Off:* AirPlay is disabled, and users won't be able to AirPlay to Apple TV."<br>See: https://support.apple.com/guide/deployment/use-airplay-dep9151c4ace/web<br><br>"When looking for other devices, an Apple device broadcasts a very small Bluetooth advertisement indicating that it's looking for peer-to-peer services. When any peer-to-peer-capable device hears this BTLE packet, it creates or joins a peer-to-peer network directly between the devices. The devices concurrently switch between this temporary network and any infrastructure networks they were on before in order to deliver both the AirPlay video stream and provide existing internet service."  See "Peer-to-peer discovery" at: https://support.apple.com/guide/deployment/use-airplay-dep9151c4ace/web<br><br>Additionally, see: https://developer.apple.com/documentation/nearbyinteraction/discovering_peers_with_multipeer_connectivity<br><br>Apple's mobile device management (MDM) payload includes enabling queries of network information, as well as allowing for obtaining information on servers. For example, see "AccessRights" and "ServerCapabilities" at: https://developer.apple.com/documentation/devicemanagement/mdm |

*Id.* at 2-3.

Valjakka's claim chart for the '102 Patent contains similar deficiencies.   For example, Valjakka alleges that Apple "must" provide a "digital rights management key" based on a "query":

| [1b] | obtaining a first digital rights management key from a content database, wherein the obtaining is based at least in part on a query. | On information and belief, in order for the content that has been purchased by the Apple user to become available for streaming and/or download, Apple must provide a digital rights management key for the purposes of licensing so that the protected content is accessible.   The digital rights management key must be based, at least in part, on a query of the Apple user's identity (Apple ID), the content, and whether the content has been paid for (in order to grant a temporary license). |

FAC, Ex. D at 2.  Valjakka provides no support for his **assumption** that Apple "must" provide a "digital rights management key" based on a "query."   A conclusory allegation made "on information and belief" is not sufficient to meet the pleading standard.  *See Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*, No. 19-CV-05784-JST, 2020 WL 7392909, at *4 (N.D. Cal. July 23, 2020) ("[Plaintiff's] heavy reliance on [the phrase 'upon information and belief'] undermines the plausibility of its allegations.").

Indeed, numerous elements of Valjakka's claim chart for the '102 Patent recite only unsubstantiated allegations based **solely** upon "information and belief":

| [1e] | causing the content providing server to validate the fingerprint, an, if the validation is successful, accessing the access restricted content and information describing encryption properties of the access restricted content, and | On information and belief, the unique access is provided to Apple's content providing server and if the validation is successful (for example, the Apple ID user that is logged in to a compatible device has paid for the restricted content), then the restricted content is accessed with information describing the encryption properties so that the encrypted data can be sent to the Apple user's compatible device through the Apple TV app. |
| [1f] | deriving, using the digital rights management header of the access restricted content, from the access restricted content a second and third digital rights management key, | On and information and belief, once the user's access to the content is validated, additional digital rights management keys are created by Apple based on the header of the restricted content so that the restricted content can be sent to the user's device through the Apple TV app. |
| [1h] | wherein at least one of the second or third digital rights management key is used to encrypt the other key of the | On information and belief, Apple encrypts at least one of the digital rights management keys that enable download of an access restricted title because failure to |
| | second or third digital rights management key, | do so would allow anyone the ability to download access restricted content without having an account or paying for a title, simply by knowing the key. |

FAC, Ex. D at 4.  Valjakka's allegations constitute no more than rote recitation of the claim language, providing no factual detail to substantiate his infringement allegations.

Courts find such bare conclusory allegations insufficient to satisfy the plausibility standard articulated in *Iqbal* and *Twombly*.  For example, in *Bot M8*, the Federal Circuit affirmed the district court's dismissal of one of the patents-in-suit for failure to plausibly allege infringement, applying the principle that "mere recitation of claim elements and corresponding conclusions, without supporting factual allegations, is insufficient to satisfy the *Iqbal/Twombly* standard."[4]  *Bot M8*, 4 F.4th at 1355.  The *Bot M8* court explained that the plaintiff's allegations were "**conclusory**, **merely track the claim language**, and do not ***plausibly*** allege that gaming information and a mutual authentication program are stored together on the same memory."  *Id.*

*Bot M8* compels the same conclusion here.  As discussed above, Valjakka's allegations merely track the claim language and provide no factual details that make the infringement allegations plausible.  Further, Valjakka wholly fails to account for parts of certain claim elements. That cannot give rise to a plausible inference that the Accused Products practice the limitations at issue.  Thus, this Court should dismiss Valjakka's direct infringement claims.

This Court's recent decision in *Vervain* also supports dismissal of Valjakka's First Amended Complaint.  There, the Court required more than bare-bones allegations upon observing that "technology-at-issue here is no less complex than that in *Bot M8*."  2022 WL 23469, at *5. The claims in *Vervain* "relate[d] to software and firmware for using solid-state memory—they concern intangible instructions for managing data acting on hardware."  *Id.*  The Court was unpersuaded by allegations that "merely track the claim language" and deemed them "insufficient

---

[4] In *Vervain, LLC*, this Court noted that *Bot M8 LLC* was decided under the laws of the Ninth Circuit, but that Fifth Circuit pleading standards were not "materially distinct."  *Vervain, LLC*, 2022 WL 23469, at *3.

to give rise to a reasonable inference that [the Accused Product] practices the claims." *Id.* at *7. According to Valjakka, the technology in this case relates to instructions for content delivery, and digital rights management involving encryption and keys—just as complex and "intangible" as the technology in *Vervain*. Valjakka's allegations fail to move beyond conclusory recitations that the products meet the claim language or offer any facts that make the allegations plausible.

This Court further held in *Vervain* that a complaint "nakedly alleging that the accused product practices the claimed invention's point of novelty will rarely suffice." 2022 WL 23469, at *5. The Court looked to the prosecution history in determining which claim elements appeared important to the alleged novelty of the claims. *Id.* That reasoning provides a further basis to dismiss Valjakka's allegations. During prosecution of the '167 Patent, for example, the Examiner requested that the applicant combine then-dependent element 1[g] into independent claim 1 in order to reach allowance. *See* Ex. 2. Then, in the Notice of Allowance, the Examiner stated that the prior art does not teach elements 1[e] and 1[f]. *See* Ex. 3. During prosecution of the '102 Patent, the applicant sequentially added each limitation at issue to the pending method claim in order to overcome the Examiner's rejections. *See* Exs. 4-7. And, like in *Vervain*, the allegations in Valjakka's claim charts as to those claim elements merely track the claim language. *See supra* pp. 12-16. Such bare allegations, without factual support, do not meet the plausibility standard. *Vervain, LLC*, 2022 WL 23469, at *7.

Numerous other decisions from this Court and others have found bare-bones infringement allegations insufficient to meet the *Iqbal*/*Twombly* pleading standards. *See, e.g.*, *CPC Pat. Techs.*, 2022 WL 118955, at *2 (dismissing direct infringement claim where claim charts failed to fully articulate how the accused products performed one claim limitation); *Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 3:18-CV-01074-K, 2018 WL 10425908, at *2 (N.D.

17

Tex. Oct. 9, 2018) ("Because of [the complexity of the technology at issue], a plausible inference that an accused device meets all the limitations of the asserted claims cannot be inferred from the bare conclusory allegations that this is so."); *Swirlate IP LLC*, 2021 WL 3187571, at \*2 (holding that citations to "websites providing general information about the accused product and related industry standards, and asserting without explanation that the steps performed by the accused product satisfy each and every claim limitation of the asserted claims" fall short of the pleading standard); *Uniloc 2017 LLC v. Zenpayroll, Inc.*, No. CV 19-1075-CFC-SRF, 2020 WL 4260616, at \*4-5 (D. Del. July 23, 2020), *report and recommendation adopted sub nom. Uniloc 2017 LLC v. Zen Payroll, Inc.*, No. CV 19-1075-CFC/SRF, 2020 WL 5077416 (D. Del. Aug. 27, 2020) (dismissing direct infringement claims because "the amended complaint parrots the language of claim 1 of the [patent-in-suit]"); *Mosaic Brands, Inc. v. The Ridge Wallet LLC*, No. 220CV04556ABJCX, 2020 WL 5640233, at \*4 (C.D. Cal. Sept. 3, 2020) (dismissing direct infringement claims because claim charts did not plausibly identify at least three elements of the patent-in-suit). Accordingly, the Court should dismiss Valjakka's claims for direct infringement of the '167 and '102 patents.

### C.   Valjakka Fails to Plead Compliance With the Marking Statute, and Therefore Cannot Seek Pre-Suit Damages as to the '167 Patent.

Valjakka asserts only an apparatus claim of the '167 Patent and seeks past damages under 35 U.S.C. § 287. However, he fails to allege compliance with the marking statute.

To seek past damages, the plaintiff must plead compliance with § 287 by alleging either (1) that he marked his products or gave actual notice; or (2) that there are no products to mark. 35 U.S.C. § 287(a). The patentee bears the burden to plead compliance with this "marking statute." *Arctic Cat*, 876 F.3d at 1366; *Express Mobile, Inc. v. DreamHost LLC*, No. 1:18-CV-01173-RGA, 2019 WL 2514418, at \*2 (D. Del. June 18, 2019) ("A claim for past damages requires pleading

compliance with the marking statute—even when compliance is achieved, factually, by doing nothing at all."); *Pipp Mobile Storage Sys., Inc. v. Innovative Growers Equip., Inc.*, No. 21-CV-2104, 2022 WL 157491, at *3 (N.D. Ill. Jan. 18, 2022) (dismissing claim for pre-suit damages because plaintiff failed to sufficiently allege notice).   A patentee who makes or sells patented articles can satisfy § 287(a) either by providing constructive notice—i.e., marking its products—or by providing actual notice of a charge of infringement to an alleged infringer.  *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020).   The First Amended Complaint does neither.

**First**, Valjakka fails to plead that he marked his products or gave actual notice.  The First Amended Complaint makes no mention of marking.  And it fails to plausibly allege that Valjakka gave Apple actual notice of infringement of the '167 Patent.  *See supra* p. 8.  Actual notice requires an "affirmative communication of a specific charge of infringement by a specific accused product or device."  *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). "It is irrelevant… whether the defendant knew of the patent or knew of his own infringement." *Id.* "The correct approach to determining notice under section 287 must focus on the *action of the patentee*, not the knowledge or understanding of the infringer."  *Id.*

The First Amended Complaint states only that "[o]n information and belief, **Defendant has known** that its activities concerning the Accused Products infringed one or more claims of the '167 Patent since at least September 2014" when Valjakka sent a letter "to Bruce Sewell, Senior Vice President and General Counsel of Apple informing him of the '167 Patent."  FAC ¶ 22, Ex. E. Valjakka's letter states that the '167 Patent "could potentially be a great strategic advantage to Apple's patent portfolio" and "could put any potential buyer in a very strategic position vis-à-vis your most ardent competitors."  *Id*.  But the test for actual notice is whether the **patentee** made an

"affirmative communication of a **specific charge of infringement by a specific accused product or device**."  *Amsted Indus. Inc.*, 24 F.3d at 187; *see also PLC Trenching Co., LLC v. IM Servs. Grp., LLC*, No. 1:20-CV-00602-CWD, 2021 WL 3234590, at \*9 (D. Idaho July 29, 2021) (dismissing claims for pre-suit damages because patentee did not notify defendant of infringement).  Valjakka's letter does not meet this standard and therefore cannot constitute actual notice.

 **Second**, even if there are no products to mark, Valjakka fails to plead compliance with the marking statute because the First Amended Complaint does not state whether Valjakka or his licensees made or sold any products embodying any claim of the patents-in-suit.  Thus, Valjakka has not plausibly alleged that he complied with § 287.  Accordingly, the Court should dismiss Valjakka's claims for pre-suit damages as to the '167 Patent.  *Express Mobile,* 2019 WL 2514418, at \*2 (dismissing claims for pre-suit damages because plaintiff did not plead compliance with § 287).

## V.      CONCLUSION

 Apple respectfully requests that this Court dismiss Valjakka's First Amended Complaint, including its claims for:  (1) willful, induced, and contributory infringement of the '167 Patent; (2) direct infringement of both patents-in-suit; and (3) pre-suit damages as to the '167 Patent.

Dated: March 28, 2022

Respectfully submitted,

By:  */s/ J. Stephen Ravel*
J. Stephen Ravel
Texas Bar No. 16584975
steve.ravel@kellyhart.com
KELLY HART & HALLMAN LLP
303 Colorado, Ste. 2000
Austin, Texas 78701
Tel: (512) 495-6400
Fax: (512) 495-6401

Peter Magic (*pro hac vice*)
Ameet Modi (*pro hac vice*)
Kim Kennedy (*pro hac vice*)
Amy Wann (*pro hac vice*)

**DESMARAIS LLP**
101 California Street
San Francisco, California 94111
Telephone: (415) 573-1806
Facsimile: (415) 573-1901
pmagic@desmaraisllp.com
amodi@desmaraisllp.com
kkennedy@desmaraisllp.com
awann@desmaraisllp.com

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.  All counsel of record are participants in CM/ECF and have consented to electronic service.

Dated:  March 28, 2022                          /s/ *J. Stephen Ravel*
                                                J. Stephen Ravel

## CERTIFICATE OF COMPLIANCE

Pursuant to this Court's March 7, 2022 Order Governing Proceedings 4.0 ("OGP 4.0"), I hereby certify that on March 22, 2022 Apple requested to confer with Valjakka on dismissing the First Amended Complaint's allegations of indirect and willful infringement.  Apple followed up on March 25 to request Valjakka's availability.  Valjakka communicated via email on March 25 that it would not dismiss its allegations, and did not offer availability for conferring telephonically.

Dated:  March 28, 2022                          /s/ *J. Stephen Ravel*
                                                J. Stephen Ravel

1